DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
REBECCA A. BERS, State Bar # 287111
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5342
Telephone: (415) 554-4224
Facsimile: (415) 554-3837
E-Mail: rebecca.bers@sfcityatty.org

Attorneys for Defendants
KIERSTIE BARR, HAVA McCARTER-RIBAKO,
SAMSON HUNG, PHILLIP LEUNG, MARINA CHACON,
FLINT PAUL and CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIRSTIN JOHNSON, for herself, and as guardian ad litem for her five minor children, F.M., M.D.M., M.P.M., V.M., and T.M., and SAM MARTISIUS,

Plaintiffs,

vs.

San Francisco Police Officers KIERSTIE BARR (#129), HAVA McCARTER-RIBAKO (#4187), SAMSON HUNG (#359), PHILLIP LEUNG (#328), Lieutenant MARINA CHACON (#638), and Sergeant FLINT PAUL (#648), in their personal individual capacities; the CITY AND COUNTY OF SAN FRANCISCO; and DOES 1 through 15,

Defendants.

Case No. 3:20-cv-01569-SK

**CORRECTED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**[1]

Date: June 1, 2020
Time: 1:30 pm.
Place: Courtroom C, 15th Floor (Hon. Magistrate Judge Sallie Kim)

State Court Action Filed: October 25, 2019
Removal Filed: March 3, 2020
Trial Date: Not Set

The parties to the above-entitled action, Plaintiff Kirstin Johnson (on her own behalf and as guardian ad litem ("GAL") to her minor children), Sam Martisius ("Plaintiffs") and Defendants the City and County of San Francisco, ( "the City" or "San Francisco"), Kirstie Barr, Hava McCarter-Ribako, Samson Jung, Phillip Leung, Marina Chacon, and Flint Paul, (collective "Defendants"),

[1] This Corrected Joint Case Management Statement corrects typos in Part VIII.

jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California (November 1, 2018) and Civil Local Rule 16-9.

**I. JURISDICTION AND SERVICE**

Plaintiffs' complaint invokes federal question jurisdiction by suing for damages under 42 U.S.C. § 1983, alleging violation of the Plaintiffs' Fourth Amendment rights, among other federally protected rights under the federal constitution, as well as related state law torts. Plaintiffs filed suit originally in San Francisco Superior Court. Defendants removed the action to this federal court. Defendants do not contest personal jurisdiction, venue, or service on all of the defendants named to date.

**II. FACTS**

***Plaintiffs' Statement:***

On January 31, 2019, the plaintiff family drove down from their farm in Mendocino County to San Francisco, where they planned to spend the day ice-skating and seeing sites. After ice-skating, they spent the afternoon into the evening in and around San Francisco's Dolores Park.

At about 9:00 pm, defendant police offers converged on the couple, acting on one or more citizen reports of drunk parents with children. All the information available to the officers, however, pointed to the fact that the couple were not drunk in public within the legal meaning of that term, and did not remotely pose a danger to their children or anyone else. For her part, the mother was not under the influence at all.

It was readily apparent to the officers, had they just opened their eyes, minds, and hearts, that the couple were safely supervising their happy and health five children. But substituting their presumptions about the family and their lifestyle for rational judgment and official duty, the officers arrested the parents in front of the children, threw the father, an emergency room physician, to the ground and concussed him, and charged the parents with five felony counts of willful child endangerment each.

The cruel irony is that in purporting to act in the children's interests, these defendant police officers in fact traumatized the children, by

- violently and unlawfully arresting their parents;
- separating them from their parents;
- stealing the family's van to transport the children to the police station;
- subjecting the children to the custody and questioning of strangers in strange places;
- keeping the children awake all night; and
- causing the parents to have to pay $40,000 in nonrefundable bail bonds, and endure other ordeals, before they could be reunited with their children—28 hours after defendants inflicted this unnecessary nightmare on all of them.

The District Attorney declined to prosecute. The children are now afraid of the police, and their parents are still helping them cope with the terror defendants subjected them to.

***Defendants' Statement:***

On January 13, 2019 after 9:00 pm, Officer Kierstie Barr and Sergeant Marina Chacon were flagged down by two concerned citizens, who had seen Plaintiff Samuel Martisius intoxicated and unable to care for his children. The concerned citizens had called 911, and were still on the phone with the dispatcher when Barr and Chacon arrived on scene. Barr and Chacon learned that Plaintiff Kirstin Johnson and the children with her were associated with Martisius. The officers approached Plaintiff Johnson to investigate the matter and learned that she was the mother to all four children on the scene. Johnson confirmed that she owned the silver Mercedes Benz Sprinter van, which the officers observed to be strewn with debris and alcohol bottles. Johnson exhibited objective signs and symptoms of intoxication, had difficulty following simple directions, and avoided answering questions about her alcohol consumption. Johnson was also in the process of giving away the family dog to a stranger she met at the park that night. Johnson reported that the family was in town from Mendocino, and she planned to drive the family to a hotel for the night in the family van. After it became clear that Johnson could not care for the children, because of her intoxication, the officers took her into custody.

Officers McCarter-Ribako and Hung, and Sergeant Paul arrived on scene. A third concerned citizen approached the officers, and reported that he believed Martisius's baby was in danger on the basketball courts. The concerned citizen reported that Martisius was extremely intoxicated, and almost dropped his baby, putting the baby on the sideline just so that he could play basketball. The concerned citizen directed the officers to Samuel Martisius, who was seated on the edge of the basketball court with baby. Sergeant Paul asked Martisius to stand up. Martisius refused, and became combative. Officer Hung retrieved the baby for its safety, while Sergeant Paul gave commands to Martisius to put his hands behind his back. When Martisius did not cooperate, Paul brought Martisius' hands behind his back, to bring him into custody.

After the officers took the parents into custody, Officer Barr contacted a protective services worker at San Francisco Family and Children Services. One of the children had an abrasion to his face, and was taken to UCSF Mission Bay to be treated for the abrasion and possible alcohol intoxication. Family and Children services transported the children to a secured facility for the night. Any trauma the children suffered was the unfortunate result of their own parents' conduct. The Defendants responded reasonably to multiple reports of concern about these young children in the custody of extremely intoxicated parents in a bar and then in a public park at a very late hour, and learned that the parents had no safe plan to get the children to shelter for the night.

## III. LEGAL ISSUES

The parties have conducted no discovery to date. The following legal disputes are based upon the parties' pleadings and initial meet and confer, and will likely develop more detail as a result of further discovery and investigation.

***Defendants' Position:***

- Whether the Defendants had probable cause to arrest the adult Plaintiffs;
- Whether there were exigent circumstances requiring the temporary removal of the children from their parents;
- Whether any of the Defendants used excessive force;
- Whether Defendants' conduct was extreme and outrageous as a matter of law;

- Whether Defendants intended to deprive Plaintiffs of their constitutional rights;
- Whether the impounding of Plaintiffs' Sprinter Van after they were arrested was an unreasonable search;
- Whether impounding Plaintiffs' Sprinter Van constitutes a trespass to chattels;
- Whether Defendants were negligent;
- Whether Defendants are entitled to Qualified Immunity;
- Whether Defendants are entitled to immunity under the Government Tort Claims Act and other state law immunities.

***Plaintiffs' Position:***

Plaintiffs believe defendants' foregoing lists describes factual, not legal issues, except as to certain immunity questions which defendants may raise.

## IV. MOTIONS

Defendants may bring a motion for judgment on the pleadings to narrow the claims. Defendants further anticipate bringing a motion for summary judgment after the close of discovery. Plaintiffs may also move for summary judgment after the close of discovery.

## V. AMENDMENT OF PLEADING

Defendants request that the Court provide a deadline by which any amendments must be made.

## VI. EVIDENCE PRESERVATION

The parties are aware of their obligations to preserve evidence, and are gathering relevant documents and information. The parties have met and conferred about reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

Plaintiffs are particularly concerned with defendants' preservation of video evidence, including both police officer body camera video, and police station and County Jail monitoring and surveillance video, and have asked defendants to take all necessary steps to guard against its spoilation pending production.

Defendants contend that Plaintiffs have not identified a reason to be concerned about preservation of body worn camera (BWC) footage. In early meet and confer efforts, Plaintiffs

requested that the parties agree to exchange documents along with initial disclosures, and expressed a particular interest in the BWC. Defendants informed Plaintiffs that the BWC was preserved, but that the City Attorney's Office was experiencing difficult in light of the shelter in place order in reviewing and redacting BWC for production. Defendants further expressed to Plaintiffs their concern about protecting the minor plaintiffs in production of BWC. A story was printed in the local press about this case, claiming that Plaintiffs' counsel had requested body worn camera footage, but that he had not yet received it, suggesting that the City had refused to produce the video, when nothing was further from the truth. (*A vacation gone wrong: SFPD sued for allegedly falsely arresting parents, holding their baby 'hostage'*, available at https://missionlocal.org/2020/05/a-vacation-gone-wrong-sfpd-sued-for-allegedly-falsely-arresting-parents-holding-their-baby-hostage/) ("Rosenfeld said he has requested officer body-camera footage of the incident, but he is still waiting for it. 'If they're so sure of the righteousness of their behavior,' he said, 'give us the video.'") When confronted with these statements, Plaintiffs' counsel did not deny telling the press that he requested the video and had not yet received it. Instead, Plaintiffs' counsel argued that by requesting production with initial disclosures, he had in fact requested video. Defendants raise this issue in an abundance of caution. While it is premature to seek the Court's intervention, Defendants raise the issue in light of Plaintiff's premature and misplaced attempt to raise a "concern" with this Court about preservation in this case management conference statement. Defendants are preparing to produce the BWC in the normal course, and because of heightened protections for minors, will produce BWC subject to the protective order.

**VII. DISCLOSURES**

The parties will serve initial disclosures on June 14, 2020.

**VIII. DISCOVERY AND RULE 26 (F) DISCOVERY PLAN**

No discovery has been taken to date. The parties do not contemplate any departures from the limitations imposed by the Federal Rules of Civil Procedure. The parties do not anticipate any electronic discovery issues.

The parties anticipate serving document requests, interrogatories, requests for admission, and taking depositions of the parties along with percipient and damage witnesses, and expert witnesses.

The Defendants anticipate the need for a protective order in this case, and have begun to meet and confer with the Plaintiffs regarding the entry of an appropriate protective order.

Defendants also anticipate requesting juvenile dependency documents, and expect to petition the relevant Superior Court as required by California Welfare and Institutions Code §§827 and 828. Plaintiffs are amenable to informally producing to defendants the juvenile dependency records already in plaintiffs' possession, in a reciprocal exchange of informal production along with production of video by defendants, and subject to any necessary protections. Defendants believe that such production by Plaintiffs should streamline Defendants' request of the Superior Court.

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

The parties are presently unaware of any ongoing related cases.

## XI. RELIEF

***Plaintiffs' Statement:*** Plaintiffs seek, inter alia, general and compensatory damages in excess of $25,000 (the unlimited civil liability jurisdictional limit pertaining to plaintiffs state court filing), in amounts to be determined by a jury; plus civil statutory penalties of $25,000 per rights violation pursuant to California's Bane Act (Civil Code §§ 52(a) and 52.1(a) and (h); plus punitive damages; plus attorney's fees and costs of litigation.

***Defendants' Statement:*** Defendants seek a finding of no liability and an award of costs.

## XII. SETTLEMENT AND ADR

The parties have stipulated to an early settlement conference with a Magistrate Judge.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

All parties have consented to a Magistrate Judge for all purposes.

## XIV. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV. NARROWING OF ISSUES**

The issues may be narrowed by motion(s) for summary judgment. The parties currently have no suggestions for expediting presentation of evidence at trial, but will reconsider that possibility after the case becomes more defined as it approaches trial.

**XVI. EXPEDITED TRIAL PROCEDURE/SCHEDULE**

The parties do not believe that an expedited schedule is appropriate.

**XVII. SCHEDULING**

Counsel for the parties have met and conferred. In light of the ongoing public health crisis, and its impact on the Court's and litigants' schedules, the Parties respectfully request that the Court propose trial dates, and related case management dates, scheduling be addressed at the Case Management Conference.

**XVIII. TRIAL**

Both parties request a jury trial.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties' undersigned counsel each certifies that as of this date, other than the named parties, there is no such interest to report. By the terms of Civil L.R. 3-15, defendant City and County of San Francisco is exempt from the certification requirement.

**XX. GUIDELINES FOR PROFESSIONAL CONDUCT**

The parties' undersigned counsel each certify that they have reviewed the guidelines for Professional Conduct for the Northern District of California.

///

///

///

**XXI. OTHER MATTERS**

ECF filer Ben Rosenfeld hereby attests that, pursuant to Civil L.R. 5-1(i)(3), concurrence in the filing of this document has been obtained by the other signatory to the document.

Dated: May 26, 2020

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
REBECCA BERS
Deputy City Attorney

By: */s/ Rebecca A. Bers*
REBECCA A. BERS

Attorneys for Defendants
KIERSTIE BARR, HAVA MCCARTER-RIBAKO, SAMSON HUNG, PHILLIP LEUNG, MARINA CHACON, FLINT PAUL, AND CITY AND COUNTY OF SAN FRANCISCO
**Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory

Dated: May 26, 2020

BEN ROSENFELD
SINGLETON LAW FIRM

By: */s/ Ben Rosenfeld*
BEN ROSENFELD

Attorneys for Plaintiffs
KIRSTIN JOHNSON (on her own behalf and as GAL for her minor children) and AND SAM MARTISIUS