UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRSTIN JOHNSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KIERSTIE BARR, et al.,<br><br>    Defendants. | Case No. 20-cv-01569-SK (JD)<br><br>**ORDER RE MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 26 |

Plaintiff Kirstin Johnson, on behalf of herself and as guardian ad litem for her minor children, has sued the City and County of San Francisco and others for civil rights claims arising out of an incident involving San Francisco Police Department officers in January 2019.[1]  Dkt. No. 1-1.  Johnson's husband is also a plaintiff.  *Id*. ¶ 12.  The case was removed from the California Superior Court on the basis of federal question jurisdiction.  Dkt. No. 1.  It was randomly assigned to Magistrate Judge Sallie Kim, and all parties consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c).  Dkt. Nos. 6, 7.

As the case ramped up, Judge Kim was asked to decide a protective order dispute.  Dkt. No. 25.  Defendants produced videos of the incident that featured the minor children, and proposed to designate the videos as "confidential" in accordance with their understanding of California laws protecting juveniles.  *Id.* at 1.  Plaintiffs objected to the designation, and apparently wanted the videos to be freely available to the public.  *Id*.

---

[1] The complaint refers to Johnson as guardian ad litem, as do the parties and the magistrate judge.  An order appointing Johnson as guardian does not seem to have been filed on the docket, *see* Federal Rules of Civil Procedure Rule 17(c)(2), but the Court will do the same for present purposes.

In a written order, Judge Kim granted a confidentiality designation for all portions of the videos that showed the children to protect them from "embarrassment or harm if these images are shown in the public." *Id*. She acknowledged that she had not had an opportunity to view "the entirety of the video footage," and expressly contemplated potential revisions to the designations pending further discussions between the parties, and other proceedings. *Id*. at 2. Judge Kim also said that "the failure of the minor Plaintiffs' parents to protect them from this harm is disturbing," and that the duty of a guardian ad litem was "to protect the interests of the minors" including "consideration of future harm" from public display of the videos. *Id*. at 1.

These latter comments triggered a heated response. In plaintiffs' view, they manifested an actual bias, or an appearance of bias, against them that warrants removal of Judge Kim from the case under the judicial disqualification and recusal statutes, 28 U.S.C. §§ 144 and 455. *See* Dkt. No. 26. Plaintiffs say they felt "insulted," and that Judge Kim had in effect called Johnson "a bad mother." *Id*. at 9. They are particularly aggrieved that Judge Kim made the comments without reviewing all of the videos, which they believe indicates a "high degree of favoritism" toward defendants, and "antagonism" towards them. *Id*. at 9-10.

Judge Kim referred the motion for assignment to another judge for disposition, and deferred any further rulings in this case. Dkt. No. 27. Under established procedures, a referral was not necessary, and Judge Kim could have decided the disqualification motion herself. *See Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 257 F. Supp. 3d 1084, 1088 (N.D. Cal. 2017). Even so, she made the referral, undoubtedly out of an abundance of caution and to maximize the parties' and the public's confidence in the judicial process.

The motion was assigned to this Court as the district judge on duty for general matters at the time of the referral. The Court deems it suitable for resolution without a hearing. Civil Local Rule 7-1(b). Disqualification is denied.

In *National Abortion Federation*, the Court reviewed in detail the law governing disqualification under Sections 144 and 455. *See* 257 F. Supp. 3d at 1088-89. Those standards apply fully here. Under Section 144, the party seeking disqualification must show through a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal

bias or prejudice either against him [or her] or in favor of any adverse party." Under Section 455, a judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," or where "[she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

For both statutes, the test is an objective one and asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Nat'l Abortion Fed'n*, 257 F. Supp. 3d at 1089 (quoting *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008)). A "reasonable person for this inquiry is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *Id.* (internal quotations omitted).

Disqualification must be evaluated in light of the principle that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id*. (quoting *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005)). Our circuit also holds that "section 455(a) claims are fact driven, and as a result, the analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *Id*. (internal quotation omitted).

It is regrettable that plaintiffs found insult in Judge Kim's comments. Litigation is hard enough without also feeling slighted or personally criticized along the way. But no reasonable person would find actual bias, or an appearance of bias, in the magistrate judge's remarks. At heart, the comments simply expressed concern about safeguarding the interests of the minor plaintiffs. The magistrate judge has a "special duty" to ensure that protection. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). The guardian ad litem is also charged with the obligation to "protect the minor" in court proceedings. Fed. R. Civ. P. 17(c)(2). It is clear from the words and the context of the order that Judge Kim's comments were directed to this consideration, and so they do not evidence actual bias, or support a reasonable apprehension of prejudice or favoritism.

1  Nothing in *Liteky v. United States*, 510 U.S. 540 (1994), the main case plaintiffs rely upon,
2  points to a different conclusion. It involved factual circumstances that are wholly distinct from the
3  situation here, which significantly limits its utility. To the extent *Liteky* might apply, it cuts
4  against plaintiffs. *Liteky* concluded that "expressions of impatience, dissatisfaction, annoyance,
5  and even anger" that the occasionally "imperfect men and women" of the federal judiciary
6  "sometimes display" do not evidence bias or partiality. *Liteky*, 510 U.S. at 555-56. Even if
7  plaintiffs' characterization of Judge Kim's comments as personally derogatory or insulting were
8  taken at full value, which the Court has not determined is warranted, they fall within the
9  parameters set by *Liteky*.

The fact that Judge Kim did not view the entirety of the videos is of no moment. Judge Kim expressly left open the possibility of revising the confidentiality designations in plaintiffs' favor pending subsequent proceedings. The order clearly contemplated a two-step process of containing any immediate risk of harm to the children, followed by a fine-tuning of the designations by the parties and the court. No door was closed to plaintiffs to their detriment.

Plaintiffs have not established a basis for disqualification of Judge Kim in the record before the Court. They did not argue for disqualification on any other grounds, such as extrajudicial evidence of a deep-seated or pre-existing bias. *See Liteky*, 510 U.S. at 556. Consequently, the motion is denied.

**IT IS SO ORDERED.**

Dated: December 9, 2020

JAMES DONATO
United States District Judge