DAVID CHIU, State Bar #189542
City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
S. PATRICK KELLY, State Bar #275031
MARGARET S. SCHROEDER, State Bar #178586
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3856 [Kelly]
Telephone:     (415) 554-3849 [Schroeder]
Facsimile:      (415) 554-3837
E-Mail:         patrick.kelly@sfcityatty.org
                deedee.schroeder@sfcityatty.org

Attorneys for Defendants
KIERSTIE BARR, SAMSON HUNG, MARINA CHACON,
FLINT PAUL and CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRSTIN JOHNSON, for herself, and as guardian ad litem for her five minor children, F.M., M.D.M., M.P.M., V.M., and T.M., and SAM MARTISIUS,<br><br>     Plaintiffs,<br><br>     vs.<br><br>San Francisco Police Officers KIERSTIE BARR (#129), HAVA McCARTER-RIBAKO (#4187), SAMSON HUNG (#359), PHILLIP LEUNG (#328), Lieutenant MARINA CHACON (#638), and Sergeant FLINT PAUL (#648), in their personal individual capacities; the CITY AND COUNTY OF SAN FRANCISCO; and DOES 1 through 15,<br><br>     Defendants. | Case No. 20-cv-01569-SK<br><br>**ADMINISTRATIVE MOTION FOR CLARIFICATION**<br><br>State Court Action Filed:  October 25, 2019<br>Removal Filed:       March 3, 2020<br>Trial Date:           Not Set |

1

## I.      Introduction

Defendants seek clarification of which claims are still properly pending.  In light of the Ninth Circuit's reasoning and this Court's prior ruling, Defendants believe it is unclear whether claims against Officer Hung and negligence claims against Defendants survive.  This Court has expended significant judicial resources on this matter, and Defendants want to make sure that if this case is remanded to state court, it is clear which claims remain at issue.

This Court granted Defendants' motion for summary judgment on August 24, 2021.  ECF No. 84.  On appeal, the Ninth Circuit affirmed this Court's grant of summary judgment on all federal claims and on state claims for intentional infliction of emotional distress, Bane Act violations, and trespass to chattels.  ECF No. 98 at 7, 23 n.1.[1]  The Ninth Circuit reversed and remanded state law claims for false arrest and negligence "[b]ecause we hold that the question of whether police officers had probable cause is properly a question for the jury."  *Id.* at 7; *accord id.* at 17, 22.  The Ninth Circuit's mandate issued today.

Defendants respectfully request clarification from this Court so that the parties may appropriately focus their resources.

### A.      Officer Hung

As this Court noted, Officer Hung's actions – interviewing witnesses including the bartender at Woods Cerveceria – occurred *after* Johnson's arrest.  ECF No. 84 at 8 n.12, 32.  This Court found this factor to be an additional reason to grant summary judgment to Officer Hung.  *Id.* at 32.  This additional factor was not addressed or considered by the Ninth Circuit.  Based on the timing of Officer Hung's allegedly wrongful acts, which is a factor completely separate from whether there was probable cause to arrest Plaintiff Johnson, Defendants submit that summary judgment in his favor remains appropriate.

---

[1] Defendants cite to the ECF filing of the amended opinion in this Court.  The case is also published, *Johnson v. Barr*, --- F.4th ---, 2023 WL 5332314 (9th Cir. Aug. 18, 2023).

**B.**     **Negligence**

Defendants argued in their summary judgment motion that they did not owe Plaintiffs any duty which was breached, and this Court found "Plaintiffs [did] not counter this argument in any way." ECF No. 84 at 31.  Additionally, this Court held that the City cannot be held liable for negligent hiring, training, or supervision.  *Id.* (citing *de Villiers v. Cty. of San Diego*, 156 Cal. App. 4th 238, 252 (2007); *Porter v. City of Los Angeles*, 2016 WL 11129524 at *7 (C.D. Cal. Sept. 15, 2016)).  The Ninth Circuit did not address either of these arguments, neither of which have to do with whether there was probable cause to arrest Plaintiff Johnson.

Defendants submit that in light of the Ninth Circuit's reasoning, focused on probable cause, summary judgment on Plaintiff's negligence causes of action remains proper as there were reasons independent of probable cause to grant summary judgment.

**II.     Conclusion**

The Ninth Circuit remanded to this Court for "proceedings consistent with this ruling." ECF No. 98 at 23.  Defendants submit that given the Ninth Circuit's reasoning, based on probable cause being a question for the jury, Count 2 of Plaintiff's operative complaint should go forward against Officers Barr, Chacon, Flint, and the City.  Defendants submit that, consistent with the Ninth Circuit's reasoning and this Court's Order, Officer Hung should have summary judgment granted in his favor and summary judgment should be granted on the negligence causes of action as to all remaining Defendants as there are reasons independent of probable cause to grant that summary judgment.

///

///

///

1    Defendants respectfully request clarification on whether the Court similarly reads the Ninth

2 Circuit's opinion.  Should the Court prefer a noticed motion or a status conference to address these

3 issues, Defendants are available for either at the Court's convenience.

4 Dated:  August 28, 2023

5                                             DAVID CHIU
                                             City Attorney
6                                             JAMES F. HANNAWALT
                                             Acting Chief Trial Deputy
7                                             S. PATRICK KELLY
                                             MARGARET S. SCHROEDER
8                                             Deputy City Attorneys

9

10                                    By:  _/s/ S. Patrick Kelly_____
                                             S. PATRICK KELLY
11                                             MARGARET S. SCHROEDER

12                                             Attorneys for Defendants
                                             KIERSTIE BARR, SAMSON HUNG, MARINA
13                                             CHACON, FLINT PAUL and CITY AND COUNTY OF
                                             SAN FRANCISCO
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

n:\lit\li2020\200726\01701149.docx